UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

PAUL DONIVER,

    Plaintiff,                         Case No. 15-10603
                                         Honorable Robert H. Cleland
v.                                     Magistrate Judge Elizabeth A. Stafford

DETROIT POLICE
DEPARTMENT, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION
TO SUA SPONTE DISMISS THIS ACTION**

On February 13, 2015, *pro se* Plaintiff Paul Doniver filed this prisoner civil rights action against the Detroit Police Department and unnamed Detroit police officers pursuant to 42 U.S.C. § 1983. [1]. Doniver claims that on January 1, 2009, Defendants used excessive force to restrain him following a high-speed chase. He alleges that the officers "viciously attacked, kicked and stomped" him and the Detroit Police Department Internal Affairs Department did nothing despite his complaints. [1, Pg ID 3]. The Honorable Robert H. Cleland referred this action to the undersigned to resolve all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and (B).

Plaintiff is proceeding *in forma pauperis,* [3], which means that the Court has an affirmative duty to screen the complaint and dismiss any

action that is frivolous or fails to state a claim. 28 U.S.C. § 1915(e)(2)(B). "When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate." *Castillo v. Grogan*, 52 Fed. Appx. 750, 751 (6th Cir. 2002) (citing *Pino v. Ryan*, 49 F.3d 51, 53-54 (2d Cir. 1995)).

The applicable statute of limitations for a Section 1983 civil rights action is "the state statute of limitations governing actions for personal injury." *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988). The Sixth Circuit has held that Michigan's three-year limitations period for personal injury claims is the appropriate statute of limitations for § 1983 actions that arise in Michigan. *Drake v. City of Detroit, Michigan*, 266 Fed. Appx. 444, 448 (6th Cir. 2008) (citing Mich. Comp. Laws. § 600.5805(10)).

Doniver filed this action over six years after the incident supporting his action occurred. It is clear from the face of the complaint that the three-year statute of limitations has run and Doniver's claims are time-barred. Accordingly, the Court **RECOMMENDS** that this action be *sua sponte* **DISMISSED** as frivolous pursuant to § 1915(e)(2)(B). *See Castillo*, 52 Fed. Appx. at 751.

                                                s/Elizabeth A. Stafford
                                                ELIZABETH A. STAFFORD
                                                United States Magistrate Judge

Dated: March 12, 2015

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in

the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 12, 2015.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
