**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PAUL DONIVER,

    Plaintiff,

v.                                                        Case No. 15-10603

DETROIT POLICE DEPARTMENT, et al.,

    Defendants.

_____/

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS;
(2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION;
AND (3) DISMISSING PLAINTIFF'S COMPLAINT SUA SPONTE**

Pending before the court is the Report and Recommendation (Dkt. # 8) of United States Magistrate Judge Elizabeth A. Stafford, to whom the case had been referred for review pursuant to 28 U.S.C. §636(b)(1)(A) and (B). Because Plaintiff is proceeding *in forma pauperis,* this court has an affirmative duty to dismiss any action that is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). The magistrate judge recommended that Plaintiff's Complaint be dismissed sua sponte for its failure to comply with Michigan's three-year statute of limitations, which governs in § 1983 civil rights actions. On March 30, 2015, Plaintiff filed timely objections, pursuant to 28 U.S.C. § 636(b)(1) and E.D. Mich LR 72.1(d)(2). (Dkt. # 9.)

The court will adopt the recommendation of the magistrate judge and will order judgment to be entered on behalf of Defendants.

### I. STANDARD

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  See *United States v. Raddatz,* 447 U.S. 667 (1980); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  This *de novo* review requires this court to examine the relevant pleadings and such evidence as may have ben submitted in support of the motions to determine the outcome of the motions.

A failure to file objections, or a failure to file *specific* objections, constitutes a waiver of any further right of appeal.  *United States v. Walters*, 638 F2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505 (6th Cir. 1991).  Filing of objections that raise only some issues in the report and recommendation, but fail to raise others with specificity, will not preserve all the objections a party might have.  *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370 (6th Cir. 1987), *Willis v. Sec'y of HHS*, 931 F.2d 390 (6th Cir. 1991).

### II. DISCUSSION

#### A. Objection One

The magistrate judge concluded correctly that Michigan's three-year statute of limitations for personal injury actions, Mich. Comp. Laws. § 600.5805(10), applies to Plaintiff's section 1983 civil rights claim.  *See Wilson v. Garcia,* 471 U.S. 261, 276-280 (1985); *McCune v. City of Grand Rapids,* 842 F.2d 903, 905 (6th Cir. 1988); *Drake v. City of Detroit,* 266 F. App'x 444, 448 (6th Cir. 2008) (specifically citing Mich. Comp. Laws § 600.5805(10)).  Plaintiff does not dispute this, but "expressly Objects to the

finding of The Court that Plaintiff: '. . . filed this action over six years after the incident supporting his action occurred. . . .'" (Dkt. # 9, Pg. ID 29.) He advances two theories to support the idea that he commenced his action within the requisite time period: first, that he asked the Police Department to conduct an internal investigation into the alleged beating immediately after the incident and, second, that he reasonably believed that his trial counsel had filed the necessary motion. Both theories fail.

Plaintiff argues that "immediately after the brutal Beating . . . [he] did infact [sic] seek conductance of an Investigation by Internal Affairs Department Of The Detroit Police, and was told [the] same was being conducted[.]" (Dkt. # 9, Pg. ID 29.) Even accepting this as true, filing a complaint with the police department is not the same as filing a complaint in court. It does not toll the statute of limitations.

Plaintiff next argues that

> immediately prior to trial on the resulting charge and conviction that predicates Prisoner's current incarceration, Plaintiff did infact [sic] timely and clearly advice [sic] his Trial Counsel of same Beating and was told that ". . . I (Trial Counsel) will handle it and let you know. . . .", and therein Plaintiff reasonably believed that same was actually being ". . . handled . . ."

(*Id.* at Pg. ID 29.) Essentially this argument amounts to an assertion that because Plaintiff reasonably believed his attorney would "handle" his section 1983 civil rights case and file the requisite complaint, the statute of limitations should be tolled. "The doctrine of equitable tolling allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Robertson v. Simpson*, 624 F.3d 781 (6th Cir. 2010) (citing *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560-61 (6th Cir. 2000). But an attorney's error, accepting that such a thing happened in this

3

case, is not recognized as a legitimate ground for tolling. A person's attorney acts and speaks in the place of the client. Such acts and words cannot constitute "circumstances beyond the litigant's control," *id.*, because they are essentially the acts of the litigant himself. "Generally, a litigant is bound by the errors of his or her attorney." *Sharp v. Oakwood United Hospitals,* 458 F. Supp. 463, 472 (E.D. Mich. 2006). Any possible "remedy for negligence by a party's lawyer is generally a legal malpractice suit or an ineffective assistance of counsel claim, not forcing the opposing party to defend against a stale claim." *Whalen v. Randle*, 37 F. App'x 113, 120 (6th Cir. 2002) (citing *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999)). The court overrules Plaintiff's objection and adopts the magistrate judge's Report and Recommendation.

## IV. CONCLUSION

For the reasons discussed above, IT IS ORDERED that Plaintiff's Objection (Dkt. # 9) is OVERRULED and that the magistrate judge's Report and Recommendation (Dkt. # 8) is ADOPTED IN FULL and incorporated by reference.

IT IS FURTHER ORDERED that Plaintiff's Complaint (Dkt. # 1) is DISMISSED as frivolous.

                                          s/ Robert H. Cleland
                                          ROBERT H. CLELAND
                                          UNITED STATES DISTRICT JUDGE

Dated: March 31, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 31, 2016, by electronic and/or ordinary mail.

                                            s/Holly Monda
                                            Case Manager and Deputy Clerk in the
                                            Absence of Lisa Wagner
                                            (313) 234-5522